548 S.E.2d 219

### In the Matter of Former Greenville County Magistrate J. Metz LOOPER, Respondent.

### No. 25305.

Supreme Court of South Carolina.

Submitted May 25, 2001.

Decided June 11, 2001.

Henry B. Richardson, Jr. and Senior Assistant Attorney General Nathan Kaminski, Jr., both of Columbia, for the Office of Disciplinary Counsel.

A. Camden Lewis, of Lewis, Babcock & Hawkins, and Richard A. Harpootlian, of Richard A. Harpootlian, P.A., both of Columbia, for respondent.

PER CURIAM:

In this judicial grievance matter, respondent and Disciplinary Counsel have entered into an agreement pursuant to Rule 21, RJDE, Rule 502, SCACR. In the agreement, respondent, a former magistrate for Greenville County who resigned on March 7, 2001, admits misconduct and consents to a public reprimand. We accept the agreement and publicly reprimand respondent, the most severe sanction we are able to impose in these circumstances. The facts in the agreement are as follows.

### First Matter

While traffic charges against a defendant were pending in respondent's court, respondent engaged in one or more communications with the arresting officer and other officers in the Greenville County Sheriff's Department regarding the charges. The traffic charges were never set for trial and eventually the charges were nol prossed by the solicitor without further explanation. However, before the charges were nol prossed, and while they were pending in respondent's court, respondent went to a car dealership owned by the defendant's father, and at which the defendant was employed as a salesman, and negotiated with the defendant the trade-in of his automobile for a new automobile. Approximately one year later, while the charges were still pending in respondent's court, respondent purchased another new vehicle from the dealership. Although there is no clear and convincing evidence respondent received favorable treatment in these transactions, he acknowledges they created an appearance of impropriety.

### Second Matter

Respondent, as owner, director, and officer, along with his wife, of a corporation, was involved in litigation pending before Greenville County Magistrate R. Carey Werner. While the matter was pending before Judge Werner, respondent engaged in communications with Judge Werner for the purpose

of making him aware of respondent's personal interest in the action. The opposing party was not present during the communications. Although Judge Werner did not allow the communications to influence his decision in the case, he felt the communication by respondent should have been avoided.

By his actions, respondent has violated the following canons set forth in the Code of Judicial Conduct, Rule 501, SCACR: Canon 2 (a judge shall avoid impropriety and the appearance of impropriety in all of the judge's activities); Canon 3 (a judge shall perform the duties of judicial office impartially and diligently); and Canon 4 (a judge shall so conduct the judge's extra-judicial activities as to minimize the risk of conflict with judicial obligations). These violations also constitute grounds for discipline under Rule 7(a)(1), RJDE, Rule 502, SCACR.

We accept the agreement for a public reprimand because respondent is no longer a magistrate and because he has agreed not to hereafter seek another judicial position in South Carolina unless first authorized to do so by this Court. As previously noted, this is the strongest punishment we can give respondent given the fact that he has already resigned his duties as a magistrate. Accordingly, respondent is hereby publicly reprimanded for his conduct.

PUBLIC REPRIMAND.

PLEICONES, J., not participating