564 S.E.2d 670

**In the Matter of Former Sumter County Magistrate William SANDERS, Respondent.**

No. 25477.

Supreme Court of South Carolina.

Submitted May 7, 2002.
Decided June 3, 2002.

Henry B. Richardson, Jr., of Columbia, for the Office of Disciplinary Counsel.

John E. James, III, of Sumter, for respondent.

PER CURIAM:

In this judicial disciplinary matter, respondent and the Office of Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RJDE, Rule 502, SCACR. In the agreement, respondent admits misconduct and consents to a public reprimand. We accept the agreement and issue a public reprimand.[1] The facts as admitted in the agreement are as follows.

### *Facts*

Respondent was a Sumter County magistrate for the past 19 years. During respondent's term of office, he consistently failed to comply with the record keeping and money handling requirements published by South Carolina Court Administration. Even after the Chief Justice issued an order advising magistrates of the record keeping and money handling requirements, respondent continued to fail to comply with the record keeping and money handling requirements.

A review of respondent's financial records reveals that respondent failed to report the necessary information required to be recorded in his magisterial receipt book. Respondent also failed to properly report, prepare, and document deposits made to his magisterial account. Furthermore, respondent failed to comply with the proper procedures for issuing checks from his magisterial account, and failed to report the necessary information required to be recorded in his magisterial checkbook after issuing a check.

Respondent also failed to properly reconcile his magisterial account. Disciplinary Counsel discovered that respondent had issued four checks in October 2001 drawn upon his magisterial

---

1. Because respondent has resigned from his position as magistrate and agreed that he will not seek nor accept any judicial position or office in South Carolina without the prior consent of this Court, a public reprimand is the most severe sanction that can be imposed. *See Matter of Metz*, 345 S.C. 416, 548 S.E.2d 219 (2001).

account which were returned for insufficient funds. In addition, respondent's magisterial account reflected two negative balances in October 2001.

Finally, respondent failed to transfer the bond monies that he collected to the Clerk of Court and other magistrates in a timely fashion. Frequently, respondent would transfer such bond monies only after being informed that the specific bond monies were needed for upcoming proceedings.

In response to inquiries from Disciplinary Counsel concerning the delay in the transmission of bond monies, respondent furnished Disciplinary Counsel with a list of all bond monies held by respondent. Respondent also reported he held several thousand dollars in his magisterial bank account; however, respondent was unable to identify the owner of the monies or which bonds the money represented.[2] Furthermore, sufficient funds were not available in respondent's magisterial bank account to transfer all of the reported bonds.[3] The missing money was, in part, used by respondent for purposes other than that for which it was intended. As a result, respondent was unable to transfer the bond monies to the appropriate recipients. In an attempt to deceive recipients of the bond monies into believing that he had already transferred the bond monies, respondent issued "replacement" or "duplicate" checks to the appropriate recipients informing them that he had already transferred the bond monies when, in fact, he had not.

### *Law*

As a result of his conduct, respondent has violated the following canons set forth in the Code of Judicial Conduct, Rule 501, SCACR: Canon 1 (a judge shall uphold the integrity and independence of the judiciary); Canon 1(A) (a judge should participate in establishing, maintaining and enforcing

---

2. Respondent admits that he has commingled collected bond monies with his personal funds.

3. Respondent estimated that the insufficient funds totaled no more than $13,000. Respondent subsequently deposited $12,911, which he represents as sufficient funds to compensate for the insufficient funds. Disciplinary Counsel is unable to determine whether this amount is sufficient, and respondent has agreed to fully cooperate with the appropriate authorities to determine the exact amount of insufficient funds.

high standards of conduct, and shall personally observe those standards so that the integrity and independence of the judiciary will be preserved); Canon 2 (a judge shall avoid impropriety and the appearance of impropriety in all of the judge's activities); and Canon 2(A) (a judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary).

Respondent also admits that he violated Canon 3 (a judge shall perform the duties of judicial office impartially and diligently); Canon 3(A) (the judicial duties of a judge take precedence over all the judge's other activities); Canon 3(B)(2) (a judge shall be faithful to the law and maintain professional competence in it); Canon 3(B)(8) (a judge shall dispose of all judicial matters promptly, efficiently and fairly); Canon 3(C)(1) (a judge shall diligently discharge the judge's administrative responsibilities without bias or prejudice and maintain professional competence in judicial administration, and should cooperate with other judges and court officials in the administration of court business); Canon 4 (a judge shall so conduct the judge's extra-judicial activities as to minimize the risk of conflict with judicial obligations); and Canon 4(D)(1)(a) (a judge shall not engage in financial and business dealings that may reasonably be perceived to exploit the judge's judicial position). These violations constitute grounds for discipline under Rules 7(a)(1), 7(a)(4), 7(a)(6), and 7(a)(6) RJDE, Rule 502, SCACR.

### Conclusion

We find that respondent's actions warrant a public reprimand. We therefore accept the Agreement for Discipline by Consent and publicly reprimand respondent. Respondent shall fully cooperate with the appropriate authorities to determine the exact amount of insufficient funds. If there are any additional shortages in respondent's magisterial account due to respondent's conduct as set forth in this opinion, respondent shall promptly reimburse the account in the exact amount of the shortage.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.